Evans, J.
The facts of this ease, so far as they are necessary to be stated, are as follows : Daniel Henderspn .by his will, executed in 1794, gave a negro woman, named Sal, to his wife, with a limitation over to other persons, for whom, and in whose right, the complainant claims. This negro woman had a child, named Lot, whom Mrs. Henderson sold in 1799, to her son, Thomas Roach, who sold him in the life time of Mrs. Henderson, to one Cunning, ham, in North Carolina, in whose possession he is now supposed to be. In 1811, Mrs. Henderson made a deed, whereby she conveyed all her estate to another son, named John Dodd. This deed on its face purports to be made upon the consideration of natural love and affection ; but it requires John Dodd, the donee, to give to one of the donor’s grand daughters, a negro girl, or $200, and to another $50, on their respectively attaining the age of twen. ty-one years. Mrs. Henderson died in 1810.
This bill was filed against Roach, to compel him to pay the value of Lot, on the ground that he was a purchaser, with notice of complainant’s title. Roach, by his answer, denied all notice of the fiduciary character of Mrs. Henderson ; and there being no sufficient ■evidence to disprove the answer, the Chancellor dismissed the bill as to Roach’s representatives, he having died during the pendency of the suit. The complainant has appealed, but this Court is satisfied with the decision of the Chancellor.
The bill also claims relief against John Dodd, on the allegation that the complainant is a creditor of Mrs. Henderson, to the value of the negro boy, Lot; and that Dodd’s title to her property being founded on a voluntary conveyance, is fraudulent and void. Dodd, by his answer, denies that the deed to him was merely voluntary, and alleges that it was on the further consideration, that he was to maintain and support his mother during her life.
The Chancellor dismissed the bill as to Dodd also; and one of the grounds of appeal is, that the Chancellor improperly admitted evidence to prove the allegation of the answer as to the consideration. It is true that parol evidence is inadmissible to add to, or explain a deed ; but it must be recollected, that a voluntary deed is not necessarily void. Its being voluntary was only evidence of the fraudulent intent. Here the question was, whether the deed was fraudulent; and any evidence which went to shew, that no such fraudulent intention existed, was admissible. The Chancellor therefore correctly admitted this evidence.
The main question, however, and upon which it is thought necessary to express the opinion of this Court, is, whether this *140 ^eec^’ Emitting it to be entirely voluntary, is fraudulent as to the complainants. The statute of the 13th Elizabeth does not declare every voluntary deed fraudulent, but only such deeds as are made with intent to defraud creditors. P.L. 67. The construction of this statute has been very liberal, and has given rise to an obvious distinction between positive, and presumptive frauds. Positive fraud must be proved ; but presumptive fraud is an inference deduced from the facts of the case. Hence if a man, being indebted at the time, makes a voluntary conveyance of his property, so as thereby to put it out of his power to pay his debts, such voluntary conveyance is presumed to have been made with the intent to defraud his creditors : but if he be in prosperous circumstances, as in the case of Jacks v. Tunno, 3 Desaus. 1 ; or if he reserve the greatest abundance to pay all his debts ; in such cases, the intent to defraud ereditors cannot fairly be inferred, although it may in the end turn out, that his creditors are not all paid. The facts and circumstances, however, which are to rebut this presumption of fraud, must be clear, full, and satisfactory; or otherwise the presumption should prevail.
It is not proposed here, to discuss fully the question, how far, and in what cases, a voluntary conveyonce will be set aside in favor of, or prevail against, the claims of creditors ; but only so far as to extract from the cases the general principle applicable to this case. These principles are, that the presumption of fraud may be rebutted by the facts and circumstances of the case, Taylor v. Heriot, 4 Desaus. 232, Hamilton v. Greenwood, 1 Bay, 173; and that the creditor seeking to set aside a conveyance, merely because it is voluntary, must be a subsisting creditor. In the case of Iley v. Niswanger, 1 M’C. Ch. 521, the Court say, “such a settlement or transfer, cannot be impeached by a subsequent creditor, unless made with a view to future indebtedness, or attended with some other circumstances of fraud than what arises from its being voluntary.” In this case, the conveyance was of the donor’s whole estate ; and if she had been indebted at the time, the inference could not be rebutted, that she intended to defraud her creditors. But what is the nature of the complainant’s demand? Was he a creditor of Mrs. Henderson ? Did any liability accrue during her life time 1 She was intitled to the negro for life; and if the negro had died before her, the complainant’s demand was gone forever. But even after her death, no liability existed, except the right of complainant to go against her estate, instead of suing Cunningham for the -negro. This contingent liability was not such, in my opinion, *141 as to authorize the Court to set aside the conveyance from Mrs. Henderson to her son John Dodd, merely because it was voluntary.
Williams, for appellant.
Hill, contra.
The decree of the Chancellor is therefore affirmed, and the motion dismissed.
Colcock, J., and Johnson, J., concurred.

Decree affirmed.